GRINNELL WASHING MACH. CO. v. WOODROW et al.

(District Court, S. D. Iowa, C. D.   September 15, 1913.)

No. 107—M.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—WASHING MACHINE.

The Phillips patent, No. 950,402, for gearing devices for washing machines, while the elements are old, is for a new combination of utility, and discloses invention.   Claims 5 to 8, inclusive, also *held* infringed.

In Equity.   Suit by the Grinnell Washing Machine Company against O. B. Woodrow, John Nelson, Harry L. Ogg, and others, partners doing business under the name of the Automatic Electric Washer Company.   On final hearing.   Decree for complainant.

Orwig & Bair and George H. Carr, all of Des Moines, Iowa, for complainant.

Wallace R. Lane and Arba B. Marvin, both of Chicago, Ill., and Wilfred C. Lane, of Des Moines, Iowa, for defendants.

SMITH McPHERSON, District Judge.   Counsel not being present when the decree is ordered herein, for their information I briefly state my views:

Letters patent No. 950,402, to William F. Phillips, of Newton, Iowa, of date February 22, 1910, for gearing devices for washing machine, owned by complainant, is the basis of this action against the defendants for an alleged infringement.   There are eight claims, the first four of which can be put to one side.   The contention is that claims 5 to 8, both inclusive, support the patent, as well as the contention that the defendants are guilty of infringement.   In fact, claim 5 is practically all that there is for consideration.

The washing machine is of what is generally known as the "Dolly" type.   This washing machine is old, and of itself cannot be the basis of a patent.   There is a "reversing gear" device which allows the machine to be instantaneously reversed or stopped, and that is old and cannot be the basis of a patent.   Connected with the machine is a clothes wringer, with the ordinary two rollers through which the clothes pass, and that is old and cannot be the subject of a patent. The motive power is either · by an electric motor or a gasoline engine, which are old and cannot be the subject of a patent.   There is no one element of this washing machine, or of the clothes wringer, but that is old and cannot be the subject of a patent.

At the argument, as well as for some time later, I was inclined to be of the opinion that these different elements and mechanisms, when united, were an aggregation only, and therefore not the basis for a valid patent; but upon a re-reading of the record, and by giving additional attention thereto and to the whole case, I have reached the conclusion that all these elements and mechanisms formed a combination both useful and the subject of an invention, and therefore sustain the patent, and claims 5, 6, 7, and 8 thereof.

By careful consideration of the testimony, I have reached the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

conclusion that defendants' machine, which they are making and selling, is in contravention of the claims of the patent referred to, owned by complainant herein, and that defendants are infringers. A great many patents—nearly 100 in number, British and American—of prior date have been pleaded by the defendants; but I am impressed with the fact that, as is too often the case, when alleged infringers are driven to the point of defense, these numerous patents are makeshifts, and that by pleading the same it is a mere grasping at straws in seeking assistance by way of making defense.

The case is within a very narrow compass as to point of time and the last defense. Reliance is based upon what is called the "Paragon" machine. It is urged that one or more of these machines, much like complainant's, was in use at a date a short time prior to bringing into being the Phillips patent. But the conduct of the Paragon people in presenting their testimony, and the suppression of the truth, destroys that defense. If the facts have not been suppressed, the testimony is so evasive, so uncertain, and so unreliable as to drive me to the conclusion that it is not entitled to credence.

The Woodrow patent, No. 921,195, has been considered, and I reach the conclusion that that is not defensive, and does not support the defendants in the machine they are manufacturing and putting on the market.

The conclusion of the court is that the Phillips patent is a combination of novelty, and that it is a utility, and sufficiently desired and in use by the public as to require the court to sustain the Phillips patent. And the further conclusion is reached that the claims 5, 6, 7, and 8 of the Phillips patent correspond with the defendants' machine.

The order is that there will be a decree for the complainant, upholding the claims mentioned, and decreeing the defendants to be guilty of infringement, and to call for an accounting.