NEWTON WASHING MACH. CO. v. GRINNELL WASHING MACH. CO.

(Circuit Court of Appeals, Eighth Circuit. February 17, 1915.)

No. 4252.

PATENTS ⊕⇒328—VALIDITY AND INFRINGEMENT—WASHING MACHINE.

The Phillips patent, No. 955,402, for a gearing for operating a washing machine and wringer at the same time, while for a combination of old elements, was not anticipated, and the device produces a new and improved result, which rendered it patentable; also *held* infringed.

Appeal from the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

Suit in equity by the Grinnell Washing Machine Company against the Newton Washing Machine Company. Decree for complainant, and defendant appeals. Affirmed.

Taylor E. Brown, of Chicago, Ill. (Clarence E. Mehlhope and C. G. Roe, both of Chicago, Ill., on the brief), for appellant.

J. R. Orwig, of Des Moines, Iowa (Orwig & Bair, of Des Moines, Iowa, on the brief), for appellee.

Before CARLAND, Circuit Judge, and T. C. MUNGER and YOUMANS, District Judges.

YOUMANS, District Judge. This is an appeal from a decree enjoining the appellant from manufacturing, selling, or using a certain washing machine held to be an infringement of letters patent No. 955,402, issued to William F. Phillips on February 22, 1910, and afterwards assigned to appellee.

Taking the statement of assignment of errors as made in the brief of appellant, which statement is the same in all essential particulars as that in the record, it is as follows:

"(1) That the court erred in holding the Phillips patent, No. 955,402, good and valid, instead of holding the same to be devoid ·of patentable novelty and invention.

"(2) That the court erred in holding appellant's washing machine to infringe claims 5, 6, 7, and 8 of said Phillips patent.

"(3) That the court erred in not holding said claims 5, 6, 7, and 8, of the Phillips patent limited by the necessity of the prior art, as well as the terminology of said claims, to the structure actually disclosed in the Phillips patent; and that when thus properly limited and construed, the appellant's machine did not embody said structure, or infringe said claims.

"(4) That the court erred in directing the issuance of an injunction against the appellant and in not dismissing the bill of complaint for want of equity."

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The first assignment of error raises the question of patentable novelty and invention; the second and third, the question of infringement; the fourth is general, and must be taken as a summing up of the other three.

Appellee's patent is a gearing device. It is applied, in this instance, to a washing machine and a wringer combined. The wringer is reversible. There is no new element in the combination. Therefore, in order to be patentable, the combined action must produce some new result, or an old result in a more efficient and economical manner. The new result in this instance is the washing and wringing of clothes at the same time in a safe and convenient way. This does not mean that one garment is washed and immediately thereafter passed through the wringer. It means that, while some garments are going through the wringer, other garments are being washed, and that the two operations go on simultaneously. The wringer is made subject to perfect control by a lever easily and safely manipulated by the operator. The device possesses elements of utility, novelty, and invention. The washing machine and wringer are by the gearing device made to act jointly, and a new and useful result is produced. The device is therefore patentable. Richards v. Chase Elevator Co., 159 U. S. 477, 16 Sup. Ct. 53, 40 L. Ed. 225; Ottumwa Box Car Loader Co. v. Christy Box Car Loader Co., 215 Fed. 362, 131 C. C. A. 504; Bliss v. Spangler, 217 Fed. 394, 132 C. C. A. 210.

The patent of the appellant was taken out later than that of appellee. It produced the same results by practically the same device. The only real difference in the two is the place of mounting the power shaft on the tub. The language of the claim, in the application for patent, does not limit the mounting of the power shaft to any particular place on the tub. The limitation is to some place on the tub. We are of the opinion that the lower court was right in holding the appellant's patent to be an infringement on the Phillips patent.

It is insisted by counsel for appellant that the Phillips patent is void by reason of anticipation. It is contended that the Phillips patent was anticipated by at least four American patents and one British patent. The American patent most strenuously urged as an anticipation is the Woodrow patent. This particular patent is shown by the record to have been held an infringement of the Phillips patent, by the same court which held appellant's patent to be an infringement (Grinnell Washing Mach. Co. v. Woodrow [D. C.] 209 Fed. 621), and that the decree was not appealed from. This is not conclusive, but it should, at least, be taken into consideration. The British patent was called the Shedlock patent. It is contended, also, by appellant that one of the elements entering into the Phillips patent appears in a certain book copyrighted in 1868, entitled "507 Mechanical Movements." In their brief counsel for appellant say:

"This British patent embodies, broadly, all the features of the Phillips patent, so far as the claims in issue are concerned. It discloses a power-driven washing machine, provided with a reversible wringer machine, both being operated from the same source of power. Moreover, it discloses every feature of Phillips' alleged invention, except such specific details of gearing as Phillips found most convenient and economical in adding to his particular

form of dolly driving mechanism, the old familiar No. 53 device for reversing the wringer."

The qualifying clause in the foregoing quotation, "excepting such specific details of gearing as Phillips found most convenient and economical in adding to his particular form of dolly driving mechanism, the old and familiar No. 53 device for reversing the wringer," marks the distinction between the Phillips and Shedlock patents. The former is convenient and economical, and can be easily and safely operated by persons without mechanical experience. The latter is inconvenient and unwieldy, and requires a person with experience to operate it. The other patents referred to are also wanting in convenience and ease and safety of operation as compared with the Phillips patent.

In the case of Potts v. Creager, 155 U. S. 597, 15 Sup. Ct. 194, 39 L. Ed. 275, the court said:

"Indeed, it often requires as acute a perception of the relation between cause and effect, and as much of the peculiar intuitive genius which is a characteristic of great inventors, to grasp the idea that a device used in one art may be made available in another, as would be necessary to create the device de novo. And this is not the less true if, after the thing has been done, it appears to the ordinary mind so simple as to excite wonder that it was not thought of before. The apparent simplicity of a new device often leads an inexperienced person to think that it would have occurred to any one familiar with the subject; but the decisive answer is that with dozens and perhaps hundreds of others laboring in the same field, it had never occurred to any one before. The practiced eye of an ordinary mechanic may be safely trusted to see what ought to be apparent to every one. As was said by Mr. Justice Bradley, in Loom Co. v. Higgins, 105 U. S. 580, 591 [26 L. Ed. 1177]: 'Now that it has succeeded, it may seem very plain to any one that he could have done it as well. This is often the case with inventions of the greatest merit. It may be laid down as a general rule, though perhaps not an invariable one, that if a new combination and arrangement of known elements produce a new and beneficial result never attained before, it is evidence of invention.' "

In our opinion the Phillips patent is a combination of old elements producing a new and useful result, or an old result in a more facile, economical, and efficient manner, that it is not shown to have been anticipated, and it is therefore patentable.

The decision of the lower court is affirmed.