## GRINNELL WASHING MACH. CO. v. CLARINDA LAWN MOWER CO.

(District Court, S. D. Iowa, C. D. September 6, 1916.)

1. PATENTS ⬡═327—VALIDITY—PRECEDENTS.
   In a suit for infringement of a patent, the District Court will follow a decision of the Circuit Court of Appeals, upholding the validity of the patent, where the defendant, who asserted noninfringement, offered no new evidence as to its invalidity, and there was no proof relating to the validity of the patent, except that appearing in affidavits.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. ⬡═327.]

2. PATENTS ⬡═310(10)—TRIAL AMENDMENTS—ALLOWANCE.
   In suit for infringement of a patent, where the case was specially assigned for final hearing by agreement of the parties, defendant's request for leave to amend its answer, by inserting an extract from the answer of a defendant in another case involving the infringement of the same patent, should be denied, where defendant conceded it had no proof as to the matter, but relied on the court taking judicial notice of the evidence in the other case; this being particularly true, as in the other case the validity of the patent was upheld.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. § 516; Dec. Dig. ⬡═310(10).]

3. PATENTS ⬡═243—INFRINGEMENT—DEFENSES.
   Where a patent was upheld as a combination of old elements producing a new and useful result, or an old result in a more facile, economical, and efficient manner, defendant cannot defeat a charge of infringement, because each specific portion of its gearing device was different from the specific parts on plaintiff's device.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 382–384; Dec. Dig. ⬡═243.]

In Equity. Suit by the Grinnell Washing Machine Company against the Clarinda Lawn Mower Company. Injunction granted.

Orwig & Bair, of Des Moines, Iowa, for complainant.
Orr & Turner, of Clarinda, Iowa, for respondent.

WADE, District Judge. [1] The principal defense is noninfringement. There is no proof relating to the validity of the patent, except what may appear in affidavits, and inasmuch as the Circuit Court of Appeals of this Circuit, in Newton Washing Machine Co. v. Grinnell Washing Machine Co., 222 Fed. 512, 138 C. C. A. 112, has specifically determined that the patent is valid, it is the duty of this court to accept such adjudication as a guide herein. I do not hold that this is an adjudication as to the defendants; but, in the absence of any issue or proof introducing new defense or new evidence, it is my duty to follow the decision of the Court of Appeals.

[2] This case was specially assigned for final hearing by agreement of parties, and at the time the case came on for hearing under such agreement a request was made for leave to amend the answer by inserting an extract from the answer in Newton Washing Machine Co. v. Grinnell Washing Machine Co., supra; but defendant conceded that it had no proof, and relied upon the court taking judicial notice of the evidence in the other case. Inasmuch as these matters had been specifically determined by the Court of Appeals, I felt it my duty under the circumstances to deny the application; especially was this my duty in view of the fact that the offer to amend was not made until the case came on for trial, and even at that time the parties had no evidence to establish the averments tendered.

[3] The defense proceeded upon an erroneous theory as to the patent sustained by the Court of Appeals. Reliance was placed upon the fact that each specific portion of the defendant's gearing device was different from the specific parts of the plaintiff's device; but the patent was upheld by the Court of Appeals of this Circuit merely as a "combination of old elements producing a new and useful result, or an old result in a more facile, economical, and efficient manner." It was the patent upon the combination which was sustained, not upon the elements or devices used in the combination.

I realize that, in view of the opinion in Johnson v. Grinnell Washing Machine Co., 231 Fed. 988, 146 C. C. A. 184, by the Circuit Court of Appeals of the Seventh Circuit, the question of the validity of the patent is a close one; but it is my duty to follow the decision of the Court of Appeals of this Circuit.

I therefore have no choice, but to sustain the claims of the plaintiff, and to grant the injunction prayed for.